DORÉ, Judge.
This is an action on a fire insurance policy. The defendant, on December 5, 1950, issued the policy to J. E. Hickman insuring a 1948 Chevrolet 2-ton Flat body truck. The coverage afforded includes coverage “F”, denominated as “Fire, Lightning and Transportation”. This coverage is defined in the insuring agreements to be as follows:
“To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, caused (a) by fire or lightning, * * * ”.
The declarations of the policy set out that the insured truck was purchased new in January, 1949, for the sum of $2,309, and that on December 5, 1950, there was an encumbrance of $1,580.40 in favor of plaintiff J. Wallace Lewis, and the loss of the truck by fire was declared to be the “Actual Cash Value” of the said truck at the time of loss.
The policy, which was attached to the petition and made a part thereof, is the standard combination automobile policy. It contains the standard loss payable clause in favor of the plaintiff, which is as follows:
“Any loss under Coverages D, E, F, G, H and I is payable as interest may appear to the named insured and J. W. Lewis, Route 3, Box 264, DeRidder, Louisiana”.
The policy contains an endorsement which is attached thereto, dated April 11, 1951, which reads as follows:
“It is agreed and understood that Item 1, Name of Insured, shall now read: C. Johnson, Knight, Louisiana, instead of as previously written”.
Plaintiff alleges that he sold to J. E. Hickman, the original insured, the Chevrolet truck in a verbal contract to be paid for by the said Hickman “so much per ton from the stumps hauled with said truck”; that the said Hickman, finding himself unable to take care of the payments, returned the truck to plaintiff; that plaintiff thereafter sold the said truck to one C. Johnson for the sum of $1,580.40, on a verbal agreement to pay for said truck by hauling stumps at a stated price per ton, and upon said purchase price the said Johnson had paid the sum of $616.17, leaving a balance due plaintiff thereon the sum of $964.33.
Plaintiff alleges that on or about May 1, 1951, the said truck insured in the said policy was completely destroyed for all practical uses by fire occurring in Vernon Parish, Louisiana; that immediately, that is, on or about May 4, 1951, he reported the said loss and damage to the agent of defendant at DeRidder, Louisiana; that thereafter plaintiff was contacted by an adjuster, duly authorized to represent defendant company in settlement of loss arising out of the said fire, and, after preliminary negotiations, proof of loss was executed and turned over to the said adjuster; that a fair valuation of said truck at the time of fire was $1,300.
Plaintiff avers unavailing amicable demand for the payment of the balance due him of $964.33; that due to the lack of payment thereof, although more than thirty days since the submission of proof of loss, he has incurred attorney’s fees to the amount of $250 and that the defendant should be condemned to pay twenty-five (25%) per cent upon the original amount as a penalty. His demands amount of $1,455.28, with five (5%) per cent per an-num interest thereon from judicial demand until paid and costs.
Defendant, in its answer, admitted the issuance of the policy, and the existence of the endorsement shown above; also the destruction of the truck by fire. It contended, however, that it is not responsible for damages resulting from this fire, by reasons of the following:
*852 “First — that, at the time of the fire, J. Wallace Lewis was the owner of the burned vehicle, that no valid sale had been made to the said Cleveland Johnson, and that the endorsement naming Cleveland Johnson as insured was a misrepresentation on which it, as insurer, had relied. Appellee alleged that this misrepresentation was made by the appellant with intent to deceive, and that such increased the moral hazard, thus voiding the policy.
“Second' — -as an alternative defense, that the fire resulting in this damage was set, instigated and caused by the acts of Cleveland Johnson, named insured, for the purpose of collecting the proceeds of the policy herein sued on. Defendant-appellee alleged that such was in violation of the terms of the policy and the law of this State, and precluded Cleveland Johnson or the loss payee, plaintiff-appellee therein, from recovering under the policy.
“Finally, alternatively, that the insured vehicle was burned at the suggestion and instigation of the appellant, and that said appellant had entered into a conspiracy to burn the vehicle for the purpose of collecting the proceeds of the policy. It was alleged that such was in violation of the terms of the policy and the law of this State, and precluded the right of appellant to recover on his demands.”
On these issues the case was tried, resulting in a judgment in favor of defendant ■and against the plaintiff, rejecting the demands of plaintiff and dismissing the suit at his costs. Plaintiff has appealed.
The defendant, in its brief, states that it was of the opinion that it had not successfully carried the burden of proof to show that no sale of the truck from plaintiff to Hickman and/or to Johnson and states that it has abandoned its first defense.
Now passing to the second defense as urged by the defendant, that is, that the insured truck was intentionally burned by the insured and the legal effect thereof.
Plaintiff, in his brief, states: “If the court believes the three negro witnesses C. Johnson, (the insured), Joe Samuel Johnson, (son of insured), and Turner, that the truck was deliberately set on fire then plaintiff cannot recover. If the court on the other hand believes Lewis (plaintiff), and that the negroes were lying and the truck was accidently burned, then plaintiff should recover.”
Thus the question presented is a factual one. It becomes proper at this time to state that the trial judge refused to find that the named insured and his associates were testifying falsely, and therefore, found in favor of defendant solely on the basis that the named insured was guilty of in-cendiarism, precluding the right of recovery by the loss payee. This finding is shown by his short reasons for judgment:
“After a careful review of the record in this case, and particularly the notes of evidence, I am of the same opinion now as at the conclusion of the trial of the case, namely, that the truck in question was deliberately set on fire by C. Johnson, Joe Samuel Johnson, and Frank Turner. On the question as to whether J. Wallace Lewis was a party to the conspiracy, we are of the opinion that it is not necessary to pass on this question in view of the insurance policy sued on and the law applicable thereto.”
A summary of the testimony of Cleveland Johnson, the insured, of Joe Samuel Johnson, Insured’s son, and of Frank Turner, is to the effect that on the morning of the fire, May 1, 1950, the truck was taken to the woods, partly loaded with stumps, and parked about one hundred yards from the Evans-Leesville highway. Cleveland Johnson went on foot to his home and obtained two jugs of gasoline and returned to the truck. The gasoline was poured on the stumps and on the truck, some outside and some inside the cab, and slightly under the hood; Frank Turner then struck a match just behind the cab, with the final result of the complete destruction of the truck; before the gasoline caught fire under the hood, Taylor threw some dirt under the hood. The parties left the truck and returned to the home of Cleveland Johnson by a route through the pasture or woods.
It may be proper at this time to state that the record discloses that before each of *853 these parties testified, and after each was sworn as a witness, at the request of plaintiff’s attorney, the trial judge instructed the said Cleveland Johnson, Joe Samuel Johnson and Frank Turner of their constitutional rights, and were permitted to refuse to testify to anything that might incriminate them. Nevertheless each of them freely and frankly admitted that they took part in the burning of the truck.
In addition to the testimony of these parties, we have the testimony of Clyde G. Smithhart, an adjuster with the General Adjustment Bureau. Mr. Smithhart, according •to the record, is experienced in the adjustment of fire losses and has had special training for the purpose of detecting in-cendiarism. He testified conclusively, with proper reasons therefore, that, in his opinion, this truck was intentionally burned.
We have, also, the testimony of Mr. Justin M. Pujol, Deputy Fire Marshal, who investigated the fire. It was his opinion that ■this truck had been intentionally burned. He gives his reasons for his opinion and conclusion. In fact, it appears that these parties finally confessed to the burning of the truck. However, the written statements .given by the parties to Mr. Pujol are not in the record, presumably because they testified in court in line with the statements.
To rebut this testimony the plaintiff only offered his own testimony to the effect that he had no part in the destruction of the truck as testified to by the Johnsons and Turner and the testimony of other parties who did not pretend to know whether or not the truck was intentionally burned.
Plaintiff attempted in his cross-examination to discredit the testimony of the three parties who admitted to burning the truck, Iby stressing that their confessions to Mr. Pujol were obtained at the State Police Headquarters near Leesville. Suffice it to ■say that the record does not justify the conclusion that such confessions were obtained 'by Mr. Pujol under duress but shows that these confessions were entirely voluntary and were in no way received by reason of promises, threats or other means of inducement.
Plaintiff, in his cross examination, attempted to discredit the testimony of the Johnsons by stressing the fact that on June 11, 1951, they had given a sworn statement to an adjuster wherein they swore that the truck was accidentally burned. They' repudiated these statements on the witness stand.
The next contention of plaintiff is that the defendant has not shown a motive for the burning of the truck by the insured and his companions. Suffice it to say that we cannot disregard the positive evidence in the record solely for the reason that no motive to burn the truck was shown.
In conclusion, we find no manifest error committed by the trial judge, but to the contrary we find that the record amptly supports his conclusion that the truck was deliberately set on fire by the insured and his companions.
For these reasons, the judgment appealed from is affirmed.